11th Court of Appeals
Eastland, Texas
Opinion
 
Vernon Sam Woodard
            Appellant
Vs.                  No. 11-03-00148-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The jury convicted Vernon Sam Woodard of the offense of delivery of cocaine weighing one
gram or more but less than four grams. The trial court assessed appellant’s punishment at
confinement for ten years. We affirm. 
            On appeal, appellant presents two points of error challenging the sufficiency of the evidence. 
In the first point, appellant contends that the evidence is legally insufficient to show that appellant
was the person who delivered the cocaine. In the second point, appellant contends that the evidence
is factually insufficient to prove appellant’s identity as the person who committed the offense. 
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly
unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt
burden of proof could not have been met. Zuniga v. State, No. 539-02, 2004 WL 840786
(Tex.Cr.App. April 21, 2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  
            The record in this case shows that Officer Tanya Jackson was working undercover on the
afternoon of September 12, 2002. Officer Jackson testified that she walked up to the chain link fence
at 3507 Packard Street in Dallas and yelled: “Hey.” Appellant walked down the steps from the
residence and over to the fence. Appellant asked Officer Jackson what she wanted. Officer Jackson
told appellant that she wanted “three quarters,” which meant $75 worth of crack cocaine. Appellant
said that he would have to go inside and “cut it up.” According to Officer Jackson, appellant went
inside and returned a couple of minutes later with three loose rocks of crack cocaine. Appellant
handed Officer Jackson the cocaine, and she gave him $80. Appellant then went inside to get Officer
Jackson’s change and returned with a $5 bill. Officer Jackson left with the cocaine and walked to
the covert vehicle where another officer was waiting for her. They took the cocaine, field tested it,
sealed it in a bag, and checked it into the property room. The next day, appellant was arrested at the
same residence pursuant to a warrant. 
            Officer Jackson described the person from whom she purchased the cocaine as having dark
skin, droopy eyes, and a tattoo on his left forearm. At the time, she estimated appellant’s height to
be 5' 10" and his weight to be 150 pounds. However, appellant was actually 6' 2" and weighed 149
pounds. At trial, Officer Jackson admitted that she had been mistaken as to appellant’s height. 
Officer Jackson explained that she was short and that the ground was not level. Officer Jackson
unequivocally identified appellant in court as the person from whom she bought the cocaine. 
            The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the
weight to be given to their testimony. TEX. CODE CRIM. PRO. ANN. arts. 38.04 & 36.13 (Vernon
1979 & 1981). In this case, a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Furthermore, the evidence supporting guilt is not so weak that the
verdict is clearly wrong and manifestly unjust, nor is the contrary evidence so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. We hold that the evidence is both
legally and factually sufficient to support appellant’s conviction. Appellant’s points of error are
overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                PER CURIAM 
 
September 23, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.